**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-cv-60252-LEIBOWITZ**

**YERZHAN ASSYLGALIYEV and**
**KAMILA TASSANOVA**,

*Plaintiffs*,

*v.*

**REBECCA SHEEHY**, Director USCIS
Sacramento Field Office,

*Defendant*.
______________________________________/

# ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Defendant filed a Motion to Dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and in the alternative, for failure to state a claim pursuant to Rule 12(b)(6) on May 9, 2025. [ECF No. 6]. According to Rule 7.1(c)(1) of the Local Rules for the Southern District of Florida, "each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1). Plaintiffs' response in opposition to Defendant's Motion to Dismiss was due on May 23, 2025. To date, Plaintiffs have not filed any response, nor have they requested an extension to do so.

"A district court has the authority to *sua sponte* dismiss a case under either Rule 41(b) or the court's inherent power to manage its docket." *Arrington v. Hausman*, No. 15-62326-CIV-GAYLES, 2016 WL 782416, at *1 (S.D. Fla. Feb. 17, 2016) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). "More specifically, a district court may, in its discretion, dismiss an

action for failure to comply with local rules, such as those mandating the time for response to motions." *Id.* (citing *Wieckiewicz v. Educ. Credit Mgmt. Corp.*, 443 F. App'x 449, 450 (11th Cir. 2011) (per curiam)). "[A] dismissal with prejudice for failure to comply with local rules is a drastic sanction, [which] may be used only as a last resort when '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Rex v. Monaco Coach*, 155 F. App'x 485, 486 (11th Cir. 2005) (per curiam) (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995)). However, "a district court is afforded far greater discretion in dismissing *without* prejudice, as a dismissal in this manner is not considered an adjudication on the merits[.]" *Arrington*, 2016 WL 782416, at *1 (citing *Taylor v. Spaziano*, 251 F. App'x 616, 619 (11th Cir. 2007) (per curiam)).

The Court notes that Plaintiffs are represented by counsel who should be aware of Local Rule 7.1(c)(1) governing granting motions by default where a party fails to respond. The Court therefore acts well within its discretion by dismissing this case without prejudice under its inherent power, pursuant to Rule 7.1(c)(1) of the Local Rules for the Southern District of Florida Local Rule, due to Plaintiff's failure to respond to the Defendant's Motion to Dismiss.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [**ECF No. 6**] is **GRANTED**. Plaintiffs' Complaint [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**. The Clerk of Court is directed to **CLOSE** this case. Any pending motions are **DENIED AS MOOT**, and any pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in the Southern District of Florida on May 27, 2025.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record