**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25-cv-60252-LEIBOWITZ**

**YERZHAN ASSYLGALIYEV and**
**KAMILA TASSANOVA**,

*Plaintiffs,*

*v.*

**REBECCA SHEEHY**, Director USCIS
Sacramento Field Office,

*Defendant.*
_______________________________________/

# ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Leave to File Response Out of Time [ECF No. 8] and Plaintiffs' Motion to Reopen Case [ECF No. 9] (the "Motions"), filed on May 29, 2025. On May 27, 2025, the Court granted Defendant's Motion to Dismiss [ECF No. 6] by default, dismissing Plaintiffs' Complaint [ECF No. 1] without prejudice and without leave to amend because Plaintiffs failed to submit a response in opposition to Defendant's Motion to Dismiss by the deadline. [ECF No. 7]. Now, Plaintiffs have filed these Motions requesting the Court allow Plaintiffs to file a response to Defendant's Motion to Dismiss out of time and to reopen the case. [ECF No. 8; ECF No. 9].

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Although under Rule 6(b) the court has the discretion to accept an untimely filing if excusable neglect is shown, the rule does not require the court to do so." *Bardfield v. Chisholm Props. Circuit Events, LLC*, No. 3:09cv232/MCR/EMT, 2010 WL 2278461, at *3 (N.D. Fla. May 4, 2010),

*report and recommendation adopted*, No. 3:09CV232/MCR/EMT, 2010 WL 2278459 (N.D. Fla. June 4, 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 & n.5 (1990)).

"The determination of excusable neglect is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Blake v. Enhanced Recovery Co.*, No. 3:10-cv-1178-J-37JBT, 2011 WL 3625594, at *1 (M.D. Fla. Aug. 17, 2011) (cleaned up) (quoting *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999)). In particular, when determining excusable neglect, a court should consider the following four factors: "(1) the danger of prejudice to the [opposing party]; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the [movant]; and (4) whether the [movant] acted in good faith." *Cordell v. Pac. Indem. Co.*, 335 F. App'x 956, 960 (11th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Plaintiffs state that due to scheduling constrains and international travel, Plaintiffs were unable to file the opposition by the due date. [ECF No. 9 ¶ 3]. Plaintiffs also state that they intended to file their response on May 24, 2025, just one day late, but due to an oversight, the filing was not submitted. [*Id.*]. It appears that Plaintiffs never intended to file their response on time. If that was the case, Plaintiffs should have sought an extension of time prior to the deadline rather than wait for the deadline to come and do nothing. Furthermore, "an attorney's oversight will not be construed as excusable neglect." *Perez v. Praetorian Ins. Co.*, No. 16-CV-23817, 2018 WL 11239703, at *1 (S.D. Fla. June 28, 2018); *see Solasoll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir. 1986) (rejecting appellant's argument that the oversight of its counsel in failing to respond to a motion was excusable neglect). Thus, the fact that an oversight prevented Plaintiffs' from filing their submission one day late is not sufficient to establish excusable neglect. The Court finds that Plaintiffs have not established good cause for an extension here or excusable neglect to warrant the Court

allowing Plaintiffs to file their response out of time and to reopen the case. Thus, the Court will deny the Motions.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to File Response Out of Time [**ECF No. 8**] and Plaintiffs' Motion to Reopen Case [**ECF No. 9**] are denied. The Court's May 27, 2025 Order remains in effect dismissing Plaintiff's Complaint [ECF No. 1] without prejudice and without leave to amend. This case remains closed.

**DONE AND ORDERED** in the Southern District of Florida on May 30, 2025.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record